IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,

Vs.                                        No.  05-40083-01-SAC

OSIBISA MCBRIDE,

           Defendant.

MEMORANDUM AND ORDER

       The defendant Osibisa McBride pleaded guilty to possession of ammunition after having been convicted of a misdemeanor crime of domestic violence in violation of 18 U.S.C. § 922(g)(9).  There is no plea agreement in this case.  The presentence report ("PSR") recommends a Guideline sentencing range of 77 to 96 months from a criminal history category of six and a total offense level of 21 (base offense level of 24 pursuant to U.S.S.G. § 2K2.1(a)(2) less a three-level reduction for acceptance of responsibility adjustment pursuant to U.S.S.G. § 3E1.1).  The addendum to the PSR reflects the defendant has seven unresolved objections.  The defendant also has filed a sentencing memoranda arguing for a sentence less than the sentencing guideline range recommended in the PSR.  The court will address the unresolved objections to the PSR in

this order and will address the defendant's sentencing memorandum at the sentencing hearing.

**Defendant's First Objection**:  The defendant objects to ¶ 8 and offers a report prepared by the defense counsel's investigator from an interview with Lindsey Williamson.  As reflected in the report, Ms. Williamson told the investigator that on the night in question she called the police, falsely reported the defendant to have threatened her with a gun in the bar, and only assumed the defendant possessed a gun.

Ruling:  The defendant's objection is overruled.  Williamson's recent statement to the defendant's investigator does not controvert ¶ 8 which simply recounts what the Topeka police officers knew from Williamson's call to dispatch and their initial observations after they arrived at the bar. Even assuming that Williamson's most recent version of her motives and actions that night did contradict the PSR, the court is not inclined to give it much weight.  For Ms. Williamson has admitted in her statement to being "very intoxicated" on the night of the incident.  As the defendant's former girlfriend and the mother to one of the defendant's children, Ms. Williamson obviously has reasons for being remorseful for her actions that resulted in the defendant's arrest and the prospect of a sentence exceeding six years.

**Defendant's Second Objection**:  The defendant objects to ¶ 9 saying that he did not refuse to put his hands behind his back but that he was unable to move after the officers used the tazer on him.

<u>Ruling</u>:  In it's memorandum and order deciding the defendant's motion to suppress, the court found:

> When defendant refused numerous commands to get on the ground, and turned so that the officer could not see his hands, Officer Bowers holstered his service weapon and used a taser on the defendant. Defendant then laid on the ground but refused the officer's instructions to place his hands behind his back, so the officer used a taser on him again.  Officer Schleder then attempted to handcuff the defendant.

(Dk. 41, pp. 2-3).  Based on its findings made from the evidence admitted and considered at the suppression hearing, the court overrules the defendant's objection to ¶ 9 which is nothing more than the defendant's bare and unsworn denial of the facts.

**Defendant's Third Objection**:  The defendant objects to ¶ 12 denying that he had a firearm and that he had told Officer Schleder he handed the firearm to someone going into the bar.

<u>Ruling</u>:  In it's memorandum and order deciding the defendant's motion to suppress, the court found:

> Officer Schleder then asked defendant where the gun was, and defendant replied that he had handed it to a subject who went into

>   the bar.  Officer Schleder obtained this information from defendant when he was handcuffed and in the patrol car, without having Mirandized defendant.
>       Several officers then entered the bar to locate and secure the firearm as numerous patrons were still heading out the door.  Officers searched the interior of the bar but were unable to locate the firearm or the person to whom defendant allegedly gave the gun.

(Dk. 41, p. 4).  Based on its findings made from the evidence admitted and considered at the suppression hearing, the court overrules the defendant's objection to ¶ 12 which is nothing more than the defendant's bare and unsworn denial of the facts.

**Defendant's Fourth Objection**:  The defendant objects to the criminal conviction for felony driving with a suspended license described in ¶ 33. The defendant simply states, "this conviction was set aside, because he never had a driver's license."

   Ruling:  The PSR writer responds that there is nothing in the Shawnee County District Court records on this case to show the conviction was ever set aside.  Instead, the records show the defendant was placed on probation and released from probation over a year later with no further activity recorded on the court files.  The court considers the official court files to be a more reliable source than the defendant's personal recollection.  Absent receipt of additional information on this conviction, the

court overrules the defendant's objection.

**Defendant's Fifth Objection**:  The defendant objects to ¶¶ 38 and 39 and summarily argues the convictions described in those separate paragraphs are actually the same case for which he served a total of 179 days in jail.

<u>Ruling</u>:  Both the government and the PSR writer respond that subsequent checks of the Topeka Municipal Court records show two separate crimes that were committed on different dates and identified by different police reports and that resulted in separate convictions.  Even assuming only two criminal history points instead of four were attributed to these convictions, this would not change the defendant's criminal history category from a six.  Thus, the court deems a ruling on this objection as unnecessary.  Fed. R. Crim. P.  32(i)(3)(B).

**Defendant's Sixth Objection**:  Labeled in the sentencing addendum as the defendant's seventh objection, the defendant here objects to ¶¶ 104 and 105 for not including as possible grounds for variance that the defendant possessed the ammunition only because he had removed it from Lindsey Williamson's possession as he was concerned that Ms. Williamson appeared suicidal.

<u>Ruling</u>:  The defendant's objection is overruled.  Those paragraphs of

5

the PSR simply reflect the writer's opinion on whether the information would warrant a departure or variance.  The PSR writer's opinion does not prevent or prejudice the defendant in arguing grounds for departure and/or variance in his sentencing memorandum and at the sentencing hearing.

**Defendant's Seventh Objection**:  Labeled in the sentencing addendum as the defendant's eighth objection, the defendant here reminds the court of its obligation to determine the nature of a prior conviction from those documents and statutes limited by *Shepard v. United States*, 544 U.S. 13, 15 (2005).  He argues that his base offense level should be lowered unless the court can determine from those permitted matters that his conviction in Shawnee Country District Court Case No. 00CR148 was an aggravated weapons violation.

Ruling:  The defendant does not directly challenge the PSR's finding at ¶ 18 as erroneous or as having been based on matters outside the permitted scope of *Shepard*.  A "crime of violence" under U.S.S.G. § 2K2.1(a)(2) has the same meaning as used in U.S.S.G. § 4B1.2(a) and as further explained in application note one to § 4B1.2.  "Unlawfully possessing a firearm described in 26 U.S.C. § 5845(a) (e.g. a sawed-off shotgun or sawed-off rifle, silence, bomb or machine gun) is a 'crime of

violence.'" U.S.S.G. § 4B1.2(a), comment. (n. 1).  According to the PSR writer, the charging documents describe the weapon as an "Intertech 9mm Machine Gun Style" weapon.  Paragraph nineteen of the PSR defines the weapon as Intertech 9mm automatic weapon, and the defendant does not object that this description of the weapon comes from some document not permitted by *Shepherd*.  Both basic descriptions qualify the weapon as meeting the definition of § 5845(b).  The court overrules the defendant's objection but expects the government at the sentencing hearing to create a record of those documents permitted by *Shepherd* which establish that the weapon meets the criteria of 25 U.S.C. §  5845.

The defendant includes a request for his federal sentence to run concurrently with the state sentences imposed for the revocation of his probation in Shawnee County District Court Cases Nos. 04CR189 and 04CR203 based on the same facts resulting in his federal conviction.  The court will address this matter at the sentencing hearing.

IT IS THEREFORE ORDERED that the defendant's objections to the PSR are overruled.

Dated this 20th day of March, 2007, Topeka, Kansas.


                    s/ Sam A. Crow
                    Sam A. Crow, U.S. District Senior Judge